## Commonwealth v. Rimshaw

*Houck & Barron,* for Commonwealth.

*Siegel & Siegel,* for defendant.

LEHMAN, P. J., March 21, 1968. Plaintiff, the Commonwealth of Pennsylvania, Department of Forests and Waters, brought an action in trespass in the Court of Common Pleas of Mifflin County against defendant for damages arising out of a forest fire. The action was commenced by summons in trespass, filed December 16, 1966, and service was had by deputizing the Sheriff of Luzerne County.

Preliminary objections were filed by counsel for defendant in the form of a motion to strike the designation of the suit as "trespass", alleging plaintiff should have brought the action in assumpsit under the Act of April 3, 1929, P. L. 135, sec. 2, 32 PS §315; and in the form of a petition to set aside service of process on the ground that, under the above-cited statute, deputized service was not authorized at the date this action was commenced.

The Act of April 3, 1929, P. L. 135, as amended, 32 PS §§314, 315, provides, in part, as follows:

"every person causing a forest fire within this Commonwealth, directly or by the act of an agent or employe, shall be liable to the Commonwealth for all expenses incurred by the Department of Forests and Waters on account of such fire.

"Section 2. The Department of Justice, acting for and on behalf of the Department of Forests and Waters, *may* recover the expenses incurred by the latter department on account of any forest fire, from the person liable for payment of such expenses, by instituting, in the name of the Commonwealth, *an action in assumpsit* in any county in which the defendant can be served with process, but no such action shall

be brought unless the person liable for the payment of such expenses has failed to pay the same within thirty days after receiving a bill therefor from the Department of Forests and Waters". (Italics supplied.)

It is clear that the Commonwealth, as a political corporation, has the right in its sovereign capacity, independent of any statutory provision, to institute an action in any of its courts where it is required by the general public welfare: 34 P. L. Encyc. 217, §24. Section 2 of the Act of 1929, as amended, uses the word "may". It is not intended to be restrictive. The Commonwealth has elected to proceed in trespass, which it can properly do, and alleges negligence on defendant's part as the basis for its action.

Plaintiff's complaint alleges that defendant resides in Luzerne County, Pa., and that he, by his agents, servants, workmen and employes, while clearing a State right-of-way in Mifflin County, negligently permitted his burning operations to cause a fire in standing timber of plaintiff, whereby plaintiff expended $1,698.25 in the hiring of sufficient men and equipment to extinguish same.

Defendant has conceded that Pennsylvania Rule of Civil Procedure 1043 permits deputized service in all suits in trespass where commenced in the county where the cause of action arose. Hence, service herein is proper. For the foregoing reasons, we enter the following:

## DECREE

And now, March 21, 1968, the preliminary objections in the nature of a motion to strike the designation "trespass" in plaintiff's complaint and in the nature of a petition to set aside service of process are overruled. Leave is hereby granted to defendant to file an answer within 20 days hereof. Exceptions are noted to Siegel and Siegel, of counsel for defendant.